### SAMYN v. TACEY.

1. DRAINS—DAMS—NATURAL FLOWAGE—PRESCRIPTIVE RIGHT.

Trial court's finding of fact that defendant's servient estate had not been freed from prescriptive right of natural flowage or drainage of rear 1,050 feet of plaintiffs' land through a ditch on defendant's land *held*, supported by record in suit by owners of dominant estate to require removal of dam in such drain.

2. SAME—DAMS—DAMAGES—ERROR AS TO TIME.

Error on part of trial court in finding that defendant had placed dam in ditch which drained a part of plaintiffs' land a year sooner than was actually the fact *held*, not to have affected the amount of damages the court would have awarded had it found correctly as to the year in question.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Easements § 85; 56 Am Jur, Waters § 338.

3. DAMAGES—EVIDENCE—DAM IN DRAIN.
    Award of damages in suit to require removal of dam in a ditch
        *held,* fully supported by evidence, within the proofs and con-
        siderably less than claimed.

Appeal from Bay; Leibrand (Karl K.), J. Sub-
mitted June 4, 1953. (Docket No. 34, Calendar No.
45,856.) Decided October 5, 1953.

Bill by Julius Samyn and wife against Raymond
Tacey for mandatory injunction requiring removal
of dam and obstruction to private drain and for
damages. Decree for plaintiffs. Defendant appeals.
Affirmed.

*Arthur J. Kinnane,* for plaintiffs.

*Ira W. Butterfield,* for defendant.

DETHMERS, C. J. Defendant appeals from a decree
requiring him to remove the dam placed by him in a
drainage ditch (referred to in the record as No. 5)
running across his land, to restore the ditch in a
manner to permit it to carry off surface waters from
plaintiffs' land and to refrain from interfering with
such flowage in the future, and awarding plaintiffs
damages for loss of crops resulting from flooding
caused by defendant's damming the ditch.

Defendant admits that his had been the servient
and plaintiffs' the dominant estate, that the natural
flowage of surface waters had been from plaintiffs'
to defendant's land, and that previous owners of
plaintiffs' land had acquired a prescriptive right to
flowage of surface waters, from at least a part there-
of, through drainage ditch No. 5 across defendant's
land. Defendant claims, however, that, thereafter,
for a period of more than 15 years, his land and
ditch No. 5 across the same were used and enjoyed
by him and his predecessors in title free from the

servitude and such flowage, due to the fact that plaintiffs and their predecessors in title had, throughout such period, drained their land in a different direction, through a drainage ditch referred to in the record as No. 2, and that, in consequence, the owners of defendant's land had acquired a prescriptive right to have defendant's land free from the servitude and from flowage of plaintiffs' surface waters through ditch No. 5 across defendant's land. Defendant contends, therefore, that he was within his rights in damming ditch No. 5 and preventing a renewed flowage through it from plaintiffs' lands caused by the fact that plaintiffs, shortly theretofore, had changed their drainage system in such manner that the water no longer flowed away from defendant's land in ditch No. 2 as it had done, so defendant claims, for more than 15 years. As authority he relies on *Mathewson* v. *Hoffman,* 77 Mich 420 (6 LRA 349), which supports his theory of the law that a prescriptive right may be acquired to be free from the servitude. Defendant says that the trial court, nevertheless, entered decree for plaintiffs in the mistaken belief that the *Mathewson Case* had been overruled by *Goodrich* v. *McMillan,* 217 Mich 630 (26 ALR 801). Defendant, accordingly, poses as a controlling question whether the trial court erred in holding to that view of the law. We can readily agree with defendant's contention that *Goodrich* did not overrule *Mathewson,* as it obviously did not, and yet find the decree for plaintiffs warranted by the court's finding of fact, amply supported by the record, that defendant's land had not been freed, for any prescriptive period, from the natural flowage or drainage through ditch No. 5 of the surface waters from plaintiffs' land.

Defendant and witnesses for the defense testified that for more than the 15-year period relied upon by him ditch No. 2 had carried the surface waters from

a substantial portion of plaintiffs' land in a direction away from defendant's land and ditch No. 5. He points to certain physical facts and circumstances as being, in his judgment, corroborative thereof, but we find them not particularly persuasive. Witnesses for plaintiffs testified that during the period in question ditch No. 2 drained in a direction away from defendant's land only the surface waters from the front 250 feet of plaintiffs' land, but carried those from the back 1,050 feet into ditch No. 5 across defendant's land. The trial court found the latter to be true. Bench and bar and the public generally would be little profited by a recounting here of the conflicting testimony and different circumstances relied upon by the parties to prove their point in this connection. Suffice it to say, for the benefit of the parties hereto, that a thorough examination of the entire record fails to convince us that, had we been in the position of the trial court, we would have found otherwise. There is nothing to show that the changes plaintiffs are alleged to have made in their drainage system and methods of plowing and cultivating the soil have caused surface waters from more than the back 1,050 feet of plaintiffs' land to flow through ditch No. 5 across defendant's land. To that plaintiffs' predecessors in title had acquired a prescriptive right. It must be held, therefore, that defendant was without right in damming up ditch No. 5 and interfering with the flow therethrough of surface waters from the back 1,050 feet of plaintiffs' land.

In view of the above, the prayers for relief contained in defendant's cross bill were properly denied.

Defendant claims error in the court's findings in relation to plaintiffs' resulting damages. Admittedly, the court erred in finding that defendant placed the dam in ditch No. 5 in the year 1945 when actually it was 1946. It does not appear, however, that the

error led the court to award damages in amount greater than it would have allowed had it found correctly as to the year in question or that the error in any way prejudiced defendant's rights. The award of damages to plaintiffs was well within the scope of the proofs and considerably less than claimed. The fact of such damages and the amount thereof, as found by the court, is fully supported by the record.

Affirmed, with costs to plaintiffs.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

BOYLES, J., did not sit.